103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph SCHINELLA, Plaintiff-Appellant,
v.
GREAT LAKES DREDGE AND DOCK COMPANY, Defendant-Appellee.
 No. 95-1953.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1996.
 
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and JOHNSTONE,* District Judge.
 PER CURIAM.
 
 
 1
 The appellant, Ralph Schinella, worked for Great Lakes Dredge & Dock Co. for 25 years before being terminated in 1991, ostensibly due to business woes brought on by the recession of the late 1980's and early 1990's. In 1994, Schinella, then a resident of Michigan, filed suit against Great Lakes, a New Jersey corporation with its principal place of business in Oak Brook, Illinois, claiming that his termination violated the anti-age discrimination provisions of Michigan's Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2202, and amounted to a breach of an oral contract for lifetime employment. The district court, exercising diversity jurisdiction and applying Michigan choice of law rules, determined that Illinois age discrimination law and Illinois contract law governed the resolution of Schinella's claims. Based upon relevant Illinois legal principles, the court then granted summary judgment in favor of Great Lakes and dismissed Schinella's claims with prejudice.
 
 
 2
 On appeal, Schinella contends that the district court erred in applying Illinois law in this dispute. He insists that a proper application of choice of law rules should have led the court to refer to Michigan law and, not coincidentally, that use of Michigan law would have led to a judgment in his favor. However, having had the benefit of oral argument and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court granting summary judgment to the defendant, based on the reasoning set out in the opinions entered on April 21 and July 31, 1995.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation